NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANINE E. PARRELLA, et al., : | |
| : | Civil No. 03-2918 (AET) |
| Plaintiffs, : | |
| : | |
| v. : | **MEMORANDUM AND ORDER** |
| : | |
| RICHARD A. MENDEZ, et al., : | |
| : | |
| Defendants. : | |

THOMPSON, U.S.D.J.

I.   Introduction

This matter is before the Court on Plaintiff's Motion for Reconsideration of this Court's Order, entered on January 9, 2007, denying Plaintiff's motion for a new trial.  The Court considers Plaintiff's Motion for Reconsideration pursuant to Local Civil Rule 7.1(i).  The Court has decided this motion after reviewing the written submissions of the parties.  No oral argument was heard pursuant to Fed. R. Civ. P. 78.  Because Plaintiff failed to meet the standard required for the Court to grant a motion for reconsideration, Plaintiff's motion is denied.

II.   Background

Because this memorandum follows a comprehensive jury trial, and post-trial motions, the Court will limit the recitation of the facts to only that which is relevant to the motion at hand.  At trial, Plaintiff sued for negligence stemming from a July 2001, automobile collision where she was rear-ended by Defendant.  She complained of extensive, debilitating and permanent injuries

Case 3:03-cv-02918-AET-JJH   Document 41   Filed 03/15/07   Page 2 of 5 PageID: 241

to her neck and back caused by that accident. The jury determined that although Defendant was negligent, Plaintiff's injuries were not proximately caused by the accident. Plaintiff moved for a new trial, which this Court denied on January 9th 2007 ("January 9th Order"). There, the Court determined that the jury's verdict was supported by substantial evidence. The ruling was based in part on testimony offered by Defendant's medical expert, Dr. Aaron Sporn, who stated that the injuries Plaintiff complained of were neither caused or aggravated by the July 2001 accident, but rather were the result of a prior auto-accident in 1994. The instant motion for reconsideration followed.

III.   Discussion

    A.   Standard of Review

A court will grant a motion for reconsideration only if the movant establishes: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). Under Local Civil Rule 7.1(i), a party making a motion for reconsideration must submit a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." D.N.J. Civ. R. 7.1(i). In other words, the movant may address only matters that were presented to the Court, but were not considered by the Court in making the decision at issue. United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). A party asserting a difference of opinion with a court's decision should not bring a motion for reconsideration; rather, he or she should seek relief through the normal appellate process.

Chicosky v. Presbyterian Med. Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 163 (D.N.J. 1988). "[R]econsideration is an extraordinary remedy, that is granted very sparingly." Brackett v. Ashcroft, No. 03-3988, 2003 U.S. Dist. LEXIS 21312, at *5 (D.N.J. Oct. 7, 2003).

    B.    Analysis

        1. Overlooked Matters

Plaintiff argues that the Court clearly erred in ruling Dr. Sporn's testimony sufficiently supported the verdict and excerpts his trial testimony, which Plaintiff believes the Court must have overlooked. Plaintiff cites to a portion of Dr. Sporn's testimony wherein he states "Well, I believe an injury was sustained [by Plaintiff]. I think there was a sprain or a strain. I think the back was injured or traumatized, yes. I don't think it was permanent. I don't think it caused a slip of a disc or anything of that sort, but, yes I think it was injured." (Tr. November 15, 2006, 22:3-7.) Based on this quote, Plaintiff argues that the jury's verdict finding Defendant's negligence was not the proximate cause of Plaintiff's injuries "is unsupported and clearly against the great weight of the evidence." (Def.'s Mot. for Reconsideration 3.)

Plaintiff's motion for reconsideration fails because it does not raise an issue of fact that the Court overlooked or lead to any conclusion other than that the verdict was supported by substantial evidence. Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); United States v. Compaction Sys. Corp., 88 F.Supp 2d 339, 345 (D.N.J. 1999) (stating a court will entertain a motion for reconsideration only where the court has overlooked matter that might reasonably have lead to a different conclusion). Although Dr. Sporn acknowledged Plaintiff suffered some injury, he further concluded that "[m]y role was only to

assess the July '01 accident, and I could opine that the accident is not the cause of [her] symptoms." (Tr. November 15, 2006, 62:1-3.)  The symptoms Dr. Sporn referred to were Plaintiff's complaints of being debilitated, and suffering permanent neck and back injuries.  This opinion firmly supports the jury's verdict and militates against granting Defendant's motion for reconsideration.

                      2.        Defendant Raises Arguments Not Raised at Trial

Further, as Defendant argues, at no time during trial did Plaintiff or any of her several experts testify that she suffered a sprain or strain as Dr. Sporn surmised.  Plaintiff asked the jury to award her damages based on the theory that her debilitating injuries were caused by the July 2001, accident.  The jury clearly rejected Plaintiff's theory, finding either that Plaintiff's asserted injuries did not exist, or that they were caused by an earlier accident.  Plaintiff's belated attempt to receive a new trial to assess damages for a "sprain or strain"– an issue Plaintiff neither testified about, or put to the jury– amounts to asking this Court to consider an issue that was not raised during trial.  This is not a basis for granting a motion for reconsideration.  See, e.g., Derrick F. v. Red Lion Area Sch. Dist., Civ. No. 06-1463, 2006 WL 3325637, at *2, (M.D. Pa., November 14, 2006) (stating "reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment").

Because Plaintiff fails to raise facts that the Court overlooked, and attempts to make new arguments not raised in the jury trial, the motion for reconsideration is denied.

IV.      Conclusion

For the foregoing reasons and for good cause shown,

It is on this 14th day of March, 2007,

**ORDERED** that Plaintiff's Motion for Reconsideration [35] is **DENIED**.


                                            s/Anne E. Thompson
                                        ANNE E. THOMPSON, U.S.D.J.